KENNEDY (KEMP v.). See Case No. 7,686.

KENNEDY (McIVER v.). See Case No. 8,-830.

---

## Case No. 7,704.

### KENNEDY v. PURNELL.

[5 Cranch, C. C. 552.] [1]

Circuit Court, District of Columbia. March Term, 1839.

#### SLAVERY—PETITION FOR FREEDOM.

1. If a Maryland slave, with his consent, be carried to Virginia and kept there more than a year, by the person to whom he was hired or loaned in Maryland, without the consent of the owner of such slave, no time is limited within which the owner must use coercive measures for the recovery of the slave, and the omission to use such measures does not give him any title to his freedom; but the owner may reclaim the slave at any time.

2. If a Maryland slave, hired or loaned in Maryland, to a resident in Maryland, be carried, by the person to whom he is so hired or loaned, into Virginia, with a view to temporary residence only, and for necessary attendance, and to make a transient stay, and the slave, at the end of such transient stay, be carried or sent out of the state of Virginia again, the slave does not thereby become entitled to freedom, although all these acts were done with the consent of the owner.

Petition for freedom on the ground that the petitioner [William Kennedy, a negro] was brought into Virginia, and kept therein one whole year together, contrary to the second section of the Virginia act of the 17th of December, 1792 (P. P. 186). This fact was proved by the plaintiff's evidence. The defendant [Clarissa Purnell] contended that the slave was, without the consent of the defendant, carried from Maryland into Virginia, by one J. Purnell Pendleton, to whom the slave had been loaned by the defendant; and, therefore, the case was not within the 2d section of the act, which was intended to punish the importation by the owner only. It was not intended that the owner should be punished for the unlawful act of another. The defendant contended also, that even if the importation had been with the defendant's consent, yet as Pendleton's residence in Virginia was only a "transient stay," the case was within the 4th section; and as the slave was sent out of Virginia again at the expiration of the transient stay, the case was taken out of the 2d section.

R. J. Brent, for petitioner. C. Coxe. for defendant.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT, upon the trial, at the prayer of Mr. C. Coxe, the counsel for defendant, gave the following instructions, namely:

1. That if the jury believe, from the evidence aforesaid, that the acts of the petitioner in going from Maryland into Virginia, as aforesaid, and remaining in the latter state, or in coming thence into this city, and remaining here, were without the consent of the defendant, then it was not necessary for the defendant, within any limited period, to use coercive measures for the recovery of the petitioner; and the omission of such coercive measures does not give the petitioner any title to his freedom.

2. That if the jury believe from the evidence aforesaid, that the petitioner, being the slave of the defendant and residing with her in Maryland. and with her consent, employed by the said Pendleton, as his servant, was, in the year 1834, carried by the said J. P. Pendleton, from the said state to the state of Virginia, without the consent or authority, either previous or subsequent, of the defendant. then it is lawful for the defendant to reclaim the said petitioner, and carry him back to Maryland, at any time, and the defendant does not lose her title to the petitioner, by any delay in exercising that right.

3. That if the jury believe from the evidence aforesaid, that the petitioner, having become involved in a breach of the peace in the state of Maryland, in company with J. Purnell Pendleton, a citizen of the said state, and to avoid the consequences thereof, the said Pendleton fled to Virginia, carrying the petitioner with him, and there remained with the petitioner and employed him as his servant during two years and upwards, but never abandoned his residence in Maryland, and always entertained the purpose of returning to Maryland when he could do so with safety, and did not return the petitioner to Maryland only because he was afraid of the consequences thereof to the petitioner unless accompanied by the said Pendleton, who, at the end of the said time, sent the petitioner to the city of Washington, and afterwards himself returned to Maryland; that such acts of the said Pendleton. although the jury should believe they were with the consent of the defendant. do not entitle the petitioner to his freedom.

Verdict for the defendant.